## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PAUL D. DEANE, | ) | No.   JUDGE RONALD GUZMAN |
| | ) | |
| Plaintiff, | ) | **04C 4026** |
| | ) | |
| v. | ) | MAGISTRATE JUDGE NOLAN |
| | ) | |
| STEVEN SKINNER and | ) | |
| ROUND LAKE AREA | ) | |
| PUBLIC LIBRARY DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

DOCKETED
JUN 1 6 2004

FILED-ED4
'04 JUN 15 AM 9:46
CLERK
U.S. DISTRICT COURT

### COMPLAINT

Plaintiff, Paul Deane, by his attorneys, Riebandt & DeWald, P.C., complains of

Defendants, Steven Skinner and the Round Lake Area Public Library District, as follows:

### PARTIES

1.      Plaintiff is an individual, a resident of the State of Illinois, and a citizen of the

United States of America.  At all times relevant to this action Plaintiff resided in Arlington

Heights, Cook County, Illinois.

2.      Defendant STEVEN SKINNER (hereinafter "Skinner") is an individual who

resides in Round Lake, Lake County, Illinois.  At all times relevant to this action Skinner was

President of the Board of Trustees of Defendant ROUND LAKE AREA PUBLIC LIBRARY

DISTRICT.

3.      Defendant ROUND LAKE AREA PUBLIC LIBRARY DISTRICT (hereinafter

"District") is a body politic and a municipal corporation located in Lake County, Illinois, and was

established and operates pursuant to the Illinois Public Library District Act, Illinois Compiled

1

Statutes Chapter 75, Act 15, Section 1-1 *et seq.*

### JURISDICTION

4.     Count 1 of this action is brought pursuant to the Civil Rights Act of 1871 (42

U.S.C. § 1983), the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988), and the

First Amendment to the Constitution of the United States of America, and seeks redress for

Skinner's deprivation of Plaintiff's right to free speech in violation of 42. U.S.C. § 1983.

Accordingly, this Court has jurisdiction over Count 1 pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiff requests that this Court exercise supplemental jurisdiction over his pendant state claim,

alleged in Count 2, because that claim is so related to the federal question presented in Count 1

as to form part of the same case or controversy, as contemplated by 28 U.S.C. § 1367.

### COMMON FACTS

5.     The District operates a public library located in Round Lake, Illinois and known

as the Round Lake Area Public Library (hereinafter "Library"). The Library is operated in

accordance with rules and regulations adopted by the District's seven-member Board of Trustees

(hereinafter "Board").

6.     In 1998, Plaintiff was hired by the District to work full-time as the Library's Head

of Technical Services and Local Area Network Manager. Plaintiff worked in that capacity

through December 2000, and at all times during that period discharged his duties satisfactorily.

7.     In January 2001, the District promoted Plaintiff to the position of Director of the

Library. As Director of the Library, Plaintiff was the chief executive of the Library and was

responsible for its overall administration, including hiring and supervising personnel, planning

and implementing Library services and policies, acquiring and organizing Library materials,

2

preparing budgets and engaging in financial planning for the Library, and advising and coordinating with the Board regarding library policies and procedures.

8.      As Director of the Library, Plaintiff reported to, was supervised by, and was answerable to the Board and its members, including Skinner.

9.      In late 2003, the Board decided to place on the March 2004 Lake County, Illinois ballot a referendum (hereinafter "Referendum") for a District tax increase.

10.     In or about November 2003, Skinner instructed Plaintiff to coordinate a direct-mail campaign promoting the Referendum. That campaign, Skinner told Plaintiff, would entail mailing directly to each registered voter in the District written material promoting the Referendum.

11.     In November 2003, Skinner sent Plaintiff an email containing lists of all the registered voters in the District, the addresses and phone numbers of each of those voters, and information concerning each voter's political party affiliation and voting history. (Those lists shall hereinafter be referred to as "Electronic Voter Data.") Skinner instructed Plaintiff to use the Electronic Voter Data in connection with the direct mail campaign.

12.     Plaintiff is informed and believes and therefore alleges that, at the time Skinner gave Plaintiff the Electronic Voter Data, Skinner was a candidate for an elected seat on the County Board of Lake County, Illinois. Plaintiff is informed and believes and therefore alleges that Skinner obtained the Electronic Voter Data from the Lake County, Illinois Registrar of Voters in connection with his candidacy for the County Board.

13.     At the time Skinner gave Plaintiff the Electronic Voter Data, Plaintiff believed that Skinner had obtained the Electronic Voter Data from the Lake County Registrar of Voters in

3

connection with his candidacy for a Lake County Board seat rather than under the auspices of the District.

14.      Shortly after Skinner gave Plaintiff the Electronic Voter Data, Plaintiff came into possession of documents that were prepared by the Lake County Registrar of Voters and which proclaimed that the release of electronic voter registration lists and voter histories to any individual, group, or political committee is a criminal offense if done without prior approval of the Illinois State Board of Election. Those documents contained additional information which led Plaintiff to believe that only state political committees registered pursuant to the Illinois Campaign Finance Act or the Federal Election Campaign Act were entitled to be in possession of electronic voter registration information. Plaintiff took steps to confirm the information contained in those documents, and became satisfied that the information was accurate.

15.      At the time Skinner gave Plaintiff the Electronic Voter Data, Plaintiff accurately understood that the District did not constitute a state political committee registered pursuant to the Illinois Campaign Finance Act or the Federal Election Campaign Act, and that the Illinois State Board of Election had not approved the disclosure of the Electronic Voter Data to the District.

16.      On January 13, 2004, Plaintiff sent Skinner an email in which Plaintiff expressed his belief that the District should not use the Electronic Voter Data for the Referendum because Skinner's disclosure of the Electronic Voter Data to Plaintiff may have violated the law, and that the District's possession of the Electronic Voter Data thus may not have been authorized. In that email, Plaintiff recommended to Skinner that the District take whatever steps were necessary to ensure that the District acquire legally the voter information needed for the direct mail campaign.

4

17.     Plaintiff is informed and believes and therefore alleges that Skinner, after

receiving Plaintiff's January 13, 2004 email, resolved to remove Plaintiff from his position as

Director of the Library in retaliation for Plaintiff's assertion that Skinner's disclosure of the

Electronic Voter Data was improper, and in order to insulate himself from ramifications that

broader knowledge of that disclosure may have. Plaintiff is informed and believes and therefore

alleges that, in furtherance of that resolve, Skinner intentionally and maliciously undertook

certain acts calculated to cause the Board to terminate Plaintiff's employment with the District.

Specifically, Plaintiff is informed and believes and therefore alleges that Skinner, in Board

meetings closed to the general public and Plaintiff, intentionally, maliciously and inaccurately

reported to the Board that Deane's performance as Director of the Library was either substandard

or not suited to the District's needs, and urged other Board members to vote to terminate Deane's

employment.

18.     As a direct and proximate result of Skinner's acts as alleged in paragraph 17 of

this Complaint, on February 7, 2004, the Board voted to terminate Plaintiff's employment with

the District. Skinner participated in that vote, and voted to terminate Plaintiff's employment.

Plaintiff's termination took effect on February 9, 2004.

19.     At all times relevant to this action, Plaintiff's performance as Director of the

Library was satisfactory, and Plaintiff received numerous favorable reviews from the Library.

## CAUSES OF ACTION

### Count 1 (Steven Skinner)
### Deprivation of Free Speech Rights in Violation of 42 U.S.C. § 1983

1-19.   Plaintiff re-alleges paragraphs 1 through 19 of this Complaint as if fully set forth

in this Count 1.

20.　At all times relevant to this action, Plaintiff enjoyed the right, guaranteed and protected by the First Amendment to the United States Constitution, to speak out about matters of public concern, including matters involving acts in contravention of the laws of the State of Illinois.  Plaintiff was exercising that right when, on January 13, 2004, he sent an email to Skinner advising Skinner that Plaintiff believed that the District should not use the Electronic Voter Data for the Referendum because the Electronic Voter Data may not have been properly acquired by or given to the District.

21.　Skinner deprived Plaintiff of his right to speak out on matters of public concern by intentionally, maliciously and inaccurately reporting to the Board that Deane's performance as Director of the Library was either substandard or not suited to the District's needs; by urging other Board members to vote to terminate Deane's employment; and by voting to terminate Plaintiff's employment for exercising his free speech rights.

22.　At all times while undertaking the acts alleged in this Complaint, Skinner was acting under color of state law within the meaning of 42 U.S.C. § 1983.

23.　Plaintiff's exercise of his free speech rights was a substantial and/or motivating factor in Skinner's conduct, and was a substantial and/or motivating factor in the Board's termination of Plaintiff's employment.

24.　As a direct, foreseeable, and proximate result of Skinner's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, as well as mental and emotional distress.

WHEREFORE, Plaintiff, Paul D. Deane, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, Steven Skinner, in the following amounts:

a.      compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000.00), including wages and benefits lost as a result of his wrongful termination;

b.      costs of this suit;

c.      reasonable attorney's fees as permitted by 42 U.S.C. § 1988;

d.      punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000.00);

e.      such other relief as may be proper and just.

### Count 2 (Round Lake Area Library District)
### Retaliatory Discharge

1-19.    Plaintiff re-alleges paragraphs 1 through 19 of Count 1 of this Complaint as if fully set forth in this Count 2.

20.    The District terminated Plaintiff's employment as Director of the Library in retaliation for Plaintiff having reported to the District that the District's receipt and use of the Electronic Voter Data was possibly in violation of the law.

21.    The District's termination of Plaintiff's employment was in violation of a clearly mandated public policy of Illinois that favors regulation of, and places limitations on the use of, voter registration records. That policy is articulated in the Illinois Election Code, including Section 4-8 of Act 5 of Chapter 10 of the Illinois Compiled Statutes.

22.    As a direct, foreseeable, and proximate result of the District's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and job

benefits, and has suffered and continues to suffer humiliation, embarrassment, and mental and emotional distress.

WHEREFORE, Plaintiff, Paul D. Deane, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, Round Lake Area Public Library District, in the following amounts:

a.  compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000.00), including wages and benefits lost as a result of his wrongful termination;

b.  costs of this suit;

c.  reasonable attorney's fees as permitted by 42 U.S.C. § 1988;

d.  punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000.00);

e.  such other relief as may be proper and just.

<u>Jury Demand</u>

Plaintiff demands trial by jury on all counts so triable.

Respectfully submitted,

PAUL D. DEANE

By: _____
Russell J. Young
One of His Attorneys

James J. Riebandt (Ill. ARDC 2335158)
Russell J. Young (Ill. ARDC 6271733)
**Riebandt & DeWald, P.C.**
1237 South Arlington Heights Road
Arlington Heights, Illinois 60005
Telephone:  (847) 437-0303
Facsimile:  (847) 437-0330

8



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| Plaintiff(s): Paul D. Deane | Defendant(s):Steven Skinner and Round Lake Area Public Library District |
| County of Residence: | County of Residence: |
| Plaintiff's Atty:      Russell J. Young<br>Riebandt & DeWald, P.C.<br>1237 S. Arlington Heights Rd.<br>Arlington Heights, IL 60005 | Defendant's Atty: |

**JUDGE RONALD GUZMAN**

II. Basis of Jurisdiction:                    3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties
(Diversity Cases Only)

**04C 4026**

Plaintiff:-1 Citizen of This State
Defendant:-1 Citizen of This State

IV. Origin :                    1. Original Proceeding

**MAGISTRATE JUDGE NOLAN**

V. Nature of Suit:                    442 Employment

VI.Cause of Action:        42 U.S.C. 1983 Deprivation of free speech rights

VII. Requested in Complaint

**DOCKETED**
JUN 1 6 2004

Class Action: No .
Dollar Demand: $250,000 plus exemplary damages
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 6/11/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**        Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of

Paul D. Deane

v.

Steven Skinner and
Round Lake Area Public Library District

JUDGE RONALD GUZMAN

Case Number: 04C 4026

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Paul D. Deane

MAGISTRATE JUDGE NOLAN

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME Russell J. Young | | NAME James J. Riebandt | |
| FIRM Riebandt & DeWald, P.C. | | FIRM Riebandt & DeWald, P.C. | |
| STREET ADDRESS 1237 South Arlington Heights Road | | STREET ADDRESS 1237 South Arlington Heights Road | |
| CITY/STATE/ZIP Arlington Heights, Illinois 60005 | | CITY/STATE/ZIP Arlington Heights, Illinois 60005 | |
| TELEPHONE NUMBER 847-437-0303 | FAX NUMBER 847-437-0330 | TELEPHONE NUMBER 847-437-0303 | FAX NUMBER 847-437-0330 |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) Illinois ARDC 6271733 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) Illinois ARDC 2335158 | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | | MEMBER OF TRIAL BAR? YES ☑ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☑ | | TRIAL ATTORNEY? YES ☑ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |
| (C) | | (D) | |
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

FILED-EDA
04 JUN 15 AM
CLERK U.S. DISTRICT COURT

DOCKETED
JUN 1 6 2004